Howard AYERS, Plaintiff-Appellant,

v.

Thomas A. COUGHLIN, III, Commissioner, Harold J. Smith, Superintendent of Attica, S. Kerbein, Correctional Officer, Defendant-Appellees.

No. 1546, Docket 85–2032.

United States Court of Appeals, Second Circuit.

Submitted Aug. 16, 1985.

Decided Dec. 26, 1985.

Howard Ayers, pro se.

Frank K. Walsh, Asst. Atty. Gen. (Robert Abrams, Atty. Gen. of State of New York, Robert Hermann, Sol. Gen., and Wil-

liam K. Kogan, Asst. Sol. Gen., Albany, N.Y., on brief), for defendants-appellees.

Before NEWMAN and WINTER, Circuit Judges, and HOLDEN, District Judge.*

PER CURIAM:

The plaintiff Howard Ayers, acting in his own behalf and with leave to proceed *in forma pauperis* in this court, presents this appeal to review a judgment that granted the defendants' motion for summary judgment and dismissed the complaint instituted pursuant to 42 U.S.C. § 1983. The complaint alleges a violation of his constitutional rights by the defendants, Thomas A. Coughlin, III, the New York Commissioner of the Department of Correctional Services, Harold Smith, the Superintendent of Attica Correctional Facility (Attica) and Shawn Kerbein, a correctional officer at that institution.

The subject of the complaint concerns an encounter on December 28, 1983, that occurred at Attica between the plaintiff and a second inmate named Alves. The complaint alleges the defendant Kerbein had prior knowledge that Alves had made death threats against the plaintiff which were ignored by Kerbein. It is alleged that as a result of this correctional officer's failure to heed the threats, Alves poured hot water on the plaintiff, causing him to sustain severe burns on his upper body and right arm. The complaint seeks compensatory and punitive damages. The plaintiff also asks that he be released from one year's solitary confinement, a punishment that he was serving, at the time the complaint was filed, for his part in the incident.

The defendants' answer to the complaint admits the plaintiff suffered severe burns on his body when a second inmate poured hot water on the plaintiff. Knowledge or information of prior threats against Ayers is denied. The response also denies any personal involvement in the occurrence by the defendants Coughlin and Smith.

The district court's review of the answer indicated that a motion for summary judgment, with supporting affidavits and exhibits, could aid in narrowing the issues. To this end, the court directed the defendants to file such a motion within ninety days from its order dated May 22, 1984. The plaintiff then asked for assistance of an attorney. He renewed his request to be released from punishment in the special housing unit with a return to the general prison population. The court deferred ruling on the plaintiff's request until the filing of the defendants' motion for summary judgment scheduled for August 21, 1984.

The affidavits supplied by the defendants confirm the embroilment of December 28, 1983. The statement of Custodial Officer Cullinan reports that after the plaintiff was hit with the hot water, he picked up a mop wringer and pursued his assailant. Alves grabbed a chair. The plaintiff disobeyed Officer Cullinan's command to "freeze." The chase continued until the plaintiff came abreast of the defendant Kerbein. Officer Kerbein disarmed the plaintiff with a blow by his baton to the plaintiff's hand. The plaintiff was subdued by Officers Kerbein and Cullinan. During the scuffle, it is said, the plaintiff struck Kerbein in the neck and shoulder and Cullinan was punched in the chest. Both officers filed Misbehavior Reports with the Attica Superintendent; both deny any purpose to harm the plaintiff and disclaim any prior knowledge of earlier threats against him. The officers join in affirmation of good faith conduct in performance of their custodial duties.[1]

---

* The Honorable James S. Holden of the United States District Court for the District of Vermont, sitting by designation.

1. The defendant Kerbein's affidavit makes no reference to events that occurred prior to December 28, 1983. Its concluding paragraph states:

15. The plaintiff was not physically abused or maltreated by the defendants.

16. Your affiant acted in good faith and within the scope of his official duties in subduing the plaintiff.

17. Your affiant has not acted in bad faith, outside the scope of his official duties thereby depriving the plaintiff of his constitutionally protected rights.

Statements in opposition to the motion were provided by the plaintiff and two fellow inmates. The facts concerning the December 28th uprising are not in serious dispute. The plaintiff's submission relates to a time earlier than the December 28th eruption. His statement contests the defendant Kerbein's lack of knowledge of prior threats. An inmate named Coleman swore that on December 26, 1983 he reported to Officer Kerbein that if Ayers remained on work assignment in the facility mess hall there would be problems. The affidavit states that Kerbein told him to do what he "felt was best." Coleman explained that the problem with Ayers would not occur with him, but with other inmates in the section which included Alves. The affidavit states further that at approximately 3:00 P.M. Coleman heard Alves tell Officers Cullinan and Kerbein that he wanted to return to his cell before he was forced to do something he would later be sorry for. Officer Kerbein replied ". . . if it concerns Ayers, do what you half [sic] to. I can't see anything." [2]

> 18. Your affiant was not intentionally, recklessly or wantonly indifferent, grossly negligent, nor did he personally know, acquiesce or participate in any deprivation of the plaintiff's constitutional rights.
> 19. The plaintiff was not denied any constitutional right, privilege or immunity.
> Affidavit of Shawn P. Kerbein, August 23, 1984.

2. Affidavit of Bobby Coleman, Exhibit B attached to plaintiff's affidavit opposing summary judgment.

3. Affidavit of Keith T. Bush, Exhibit I attached to plaintiff's affidavit opposing summary judgment.

4. Purported copy of grievance, dated November 6, 1983, Exhibit A attached to plaintiff's affidavit opposing summary judgment.

5. The regulations of the New York State Department of Correctional Services, effective June 15, 1983, provide for three levels of hearings, depending upon the possible sanctions: Tier I, a "violation hearing" to be held when the misbehavior warrants a penalty of loss of recreation and certain other privileges up to and including 13 days, presided over by an officer of the rank of Sergeant or above, NY Admin Code tit 7, part 252; Tier II, a "disciplinary hearing" to be held when the misbehavior warrants a penalty of confine-

Another inmate, Keith T. Bush, provided an affidavit that stated on December 27, 1983, he heard Officer Kerbein tell Ayers that he's "going to get what is coming to him. And that this time he is going to pay good." [3]

The plaintiff Ayers' affidavit relates back to the origin of continuing encounters with the defendant Kerbein that preceded his transfer from Ossining to Attica on September 23, 1983 and Kerbein's reassignment to the same facility some three weeks later. Attached to the affidavit is a purported copy of a grievance dated November 11, 1983, concerning claimed mistreatment and harassment by Kerbein at both correctional institutions. [4]

The affidavits provided by the defendants establish that as a consequence of the Misbehavior Reports presented against the plaintiff, a disciplinary hearing was held on January 2, 1984. [5] This resulted in the commitment of the plaintiff to isolated confinement in the Special Housing Unit for 365 days and loss of 180 days "good time." [6]

> ment to cell or loss of privileges up to and including 30 days, presided over by an officer of the rank of Lieutenant or above, NY Admin Code tit 7, part 253; Tier III, a "superintendent's hearing" to be held when the misbehavior warrants a penalty beyond that which can be imposed at a disciplinary hearing, presided over by the Superintendent, Deputy Superintendent or Captain, NY Admin Code tit 7, part 254.
> Defendants' Reply Brief by letter to the Clerk of the Court of Appeals, July 1, 1985.

6. The "Correctional Facility Hearing Record Sheet" for inmate Ayers includes the following extracts:

> \*　　\*　　\*　　\*　　\*　　\*
>
> The hearing commenced on January 2, 1984 at 1:53 p.m. and ended the same day at 2:36 p.m. The following charges were addressed and denied or admitted by the review officer as appropriate:
> 106.10—Assault—deny
> 104.10—disturbance—admit
> 106.10—disobey order—admit
> 104.10—Acts against security—deny
> 113.10—poss. weapon—admit
> 100.11—fighting—deny
> 102.10—threats—deny
> Inmate Ayers was unable to sign beneath this list of charges "due to restraints."
> The "Witnesses Requested by Inmate" and their "Comments" were:

The affidavits and exhibits directed to the motion for summary judgment fail to demonstrate any direct participation by the defendants, Thomas A. Coughlin, III, the Commissioner of Corrections, and Harold J. Smith, Superintendent of the Attica Correctional Facility, on December 28, 1983. The district court determined that neither of these defendants had anything to do with the incident which formed the basis of the action; the complaint against these defendants was ordered dismissed.

In granting the motion for summary judgment in behalf of the remaining defendant Kerbein, the district court referred to the plaintiff's contention that he and Kerbein had prior disputes and that the correctional officer had knowledge of threats against the plaintiff's life. The court's decision assumed this to be true, but determined that such facts had nothing to do with the assault on the plaintiff by the second inmate Alves.

Upon filing of a timely notice of appeal, another panel of this court granted the plaintiff's motion for leave to proceed *in forma pauperis*.[7] Since the record presents material issues of fact and a cognizable claim for damages and other relief, we reverse and remand for further proceedings.[8]

### Discussion

■ The plaintiff attributes the cause of the episode to longstanding hostility between the plaintiff and the defendant Kerbein, who had Ayers in his charge at Ossining and Attica. The guard's disclaimer of prior knowledge is met by the plaintiff's claim of intentional scheming and specific knowledge of an impending assault by

1) West Brook ( )B2050 33/25     1) Saw mop wringer
2) Jackson 83A3576 33/33          2) No mop wringer
3) Watson ( )0B310 33/35          3) Did not see incident
4) CO Kerbein—confirmed report

\*   \*   \*   \*   \*   \*

The "Disposition" Mr. Ayers received was "365 days cont. conf. to SHU [Special Housing Unit] w/o yd. & phone. Start 12–28–83 release 12–27–84 + 180 days loss good time."

The record was signed by the hearing officer, R. Moscicki, Acting Captain.

Alves, to which Kerbein was deliberately indifferent, if not encouraging. Affidavits of other prisoners were supplied, along with a purported copy of the plaintiff's prior prisoner's grievance against the custodial officer.

In any event, it is clear that more than simple negligence is charged and more than one episode is involved.

> [A]n isolated omission to act by a state prison guard does not support a claim under section 1983 absent circumstances indicating an evil intent, or recklessness, or at least deliberate indifference to the consequences of his conduct for those under his control and dependent upon him.

*Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir.1974).

The failure of custodial officers to employ reasonable measures to protect an inmate from violence by other prison residents has been considered cruel and unusual punishment. *See United States v. Bailey*, 444 U.S. 394, 423, 100 S.Ct. 624, 641, 62 L.Ed.2d 575 (1980) (Blackmun, J. dissenting). Whether the defendant Kerbein acted intentionally or with reckless disregard of the plaintiff's right to be free from the risk of harm from Alves presents triable issues of fact that concern the Eighth Amendment. *Martin v. White*, 742 F.2d 469, 474 (8th Cir.1984). Serious questions under the Due Process Clause may be involved as well. *See Matzker v. Herr*, 748 F.2d 1142, 1150 (7th Cir.1984), (reversing dismissal of complaint of sexual assault by another inmate); *Johnson v. Glick, supra,* 481 F.2d at 1033 (assault by prison guard supports due process consideration). In any event, the plaintiff is entitled to the

**7.** After the grant of his motion for permission to appeal *in forma pauperis,* the plaintiff did not request assignment of counsel to brief and argue his appeal.

**8.** Remand will afford the district court the opportunity to reconsider the plaintiff's request for assistance of counsel. His earlier request was first deferred and then implicitly denied by force of the judgment which gave rise to this appeal.

right to offer proof on the answers to these questions at trial. *Hohman v. Hogan,* 597 F.2d 490, 493 (2d Cir.1979).

The problems of proof as they relate to the remaining defendants, in their official positions as state commissioner of corrections and superintendent of the Attica facility, have a different bearing. The record at hand does not demonstrate the personal involvement of these correctional officers sufficient to support their liability for wrongful acts on the part of the line officer Kerbein. The plaintiff's claim for monetary damages against these defendants requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply. *Williams v. Vincent, supra,* 508 F.2d at 546; *Johnson v. Glick, supra,* 481 F.2d at 1034. The record on appeal supports the district court's determination that the defendants Coughlin and Smith had no personal involvement in the assault on the plaintiff charged in the complaint.

The plaintiff's handwritten complaint also requests relief from solitary confinement and he later expressed "hopes" for restoration of lost good time imposed in the disciplinary hearing. His request to be released from isolated confinement is moot because the term of this punishment has expired. His claim for restoration of lost good time credits, however, may be pursued, perhaps with an amended complaint, if he can establish that the hearing at which this sanction was imposed lacked the degree of due process required for prison disciplinary proceedings.

The judgment of the district court is reversed and the cause remanded for further proceedings as to defendant Kerbein; judgment affirmed as to defendants Coughlin and Smith.