David POLICANO, Plaintiff,

v.

Richard KOEHLER, et al., Defendants.

No. 87 Civ. 3834 (JES).

United States District Court,
S.D. New York.

July 7, 1989.

---

David Policano, Stormville, plaintiff pro se.

Peter L. Zimroth, Corp. Counsel of the City of New York, New York City, for defendants; Philip A. Zisman, Patricia O'Malley, Asst. Corp. Counsel, of counsel.

SPRIZZO, District Judge:

*Pro Se* prisoner David Policano brings this action pursuant to 42 U.S.C. § 1983 (1982) alleging that defendants negligently failed to provide adequate security to protect him from a robbery and physical at-

---

tack by other inmates. Defendants have moved to dismiss the complaint on the ground of failure to state a claim upon which relief may be granted. For the reasons that follow, defendants' motion is granted.

## FACTS

The following facts are undisputed.[1]

On April 4, 1987, while away from his cell in the "A" housing area of the Rikers Island House of Detention for Men ("Rikers"), plaintiff's cosmetics were stolen from his cell by another inmate. Later that day, the same inmate, along with other inmates, assaulted the plaintiff and robbed him of his watch and gold chain. *See* Complaint at ¶ IV. Both incidents were perpetrated by inmates from the "B" housing area of Rikers who were, according to Rikers regulations, not permitted in the "A" area. *See id.;* Defendants' Memorandum of Law at 3. Plaintiff alleges that the incidents resulted from defendants' negligence because the corrections officer on duty was reading a newspaper at the time the alleged acts occurred. *See* Plaintiff's Reply to Defendants' Motion to Dismiss ("Pls. Reply") at 2.

## DISCUSSION

Plaintiff claims that defendants negligently allowed inmates from the "B" housing area to enter the "A" housing area and asserts that the attack and robbery might not have occurred if the defendants had provided adequate security.[2] Thus, plaintiff contends that defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment and denied

him liberty without due process in violation of the Fourteenth Amendment.

While an intentional and deliberate failure to provide an inmate with adequate security may state a claim under the Eighth and Fourteenth Amendments, where, as here, plaintiff alleges mere negligence, he fails to state a claim upon which relief can be granted.[3] *See Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986) (allegation of negligence insufficient to state a claim under due process clause); *Ayres v. Coughlin,* 780 F.2d 205, 209 (2d Cir.1985) (intentional or reckless conduct required to make out Eighth Amendment violation). Therefore, plaintiff's claim must be dismissed.[4]

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint on the ground of failure to state a claim under section 1983 is granted. The Clerk is directed to dismiss the complaint, enter judgment for the defendants, and close the above-captioned action.

It is SO ORDERED.

---

1. Defendants have agreed to accept the plaintiff's version of the facts for purposes of this motion. *See* Defendants' Memorandum of Law at 3 n. 2.

2. In his reply to defendants' motion plaintiff also asserts that defendant Heredia charged him with an unspecified "infraction" for fighting, in an effort to cover up his negligence. *See* Pls. Reply at 2. This allegation, to the extent that it has any relevance, further confirms that plaintiff's claims are based solely upon allegations of negligence.

3. Plaintiff has consistently stated his claim in terms of negligence. *See* Pls. Reply at 1–3. Moreover, on the facts as plaintiff states them his claim cannot be construed in any other fashion.

4. In addition, plaintiff has failed to allege that defendants Koehler and Hopkins were personally involved in the acts complained of, a prerequisite to a section 1983 claim. *See Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1987). Thus, as to these two defendants, plaintiff's claim must be dismissed on that ground as well.