Mark THREAT, Plaintiff,

v.

Paul RUSSI, Norman Lewis, Thomas A. Coughlin III, and Veronica D. Thomas, Defendants.

No. CIV–91–6346T.

United States District Court, W.D. New York.

Feb. 20, 1992.

Mark Threat, pro se.

Charles D. Steinman, Asst. Atty. Gen., Rochester, N.Y., for defendants.

## DECISION AND ORDER

TELESCA, Chief Judge.

### INTRODUCTION

*Pro se* plaintiff Mark Threat filed this action on August 22, 1991, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his parole was revoked in violation of his fourth and fourteenth amendment rights. The defendants in this action are Paul Rus-

---

**1.** Although the plaintiff has referred to defendant Russi as "Paul Russi," his correct name is

si,[1] the Chairman of the New York State Board of Parole; Norman Lewis, plaintiff's parole officer; Thomas Coughlin, the Commissioner of the New York State Department of Correctional Services; and Veronica Thomas, one of the members of the Parole Board that revoked plaintiff's parole.

On October 2, 1991, this court determined that the portion of plaintiff's § 1983 action which sought release from custody should be considered a petition for habeas corpus, and dismissed that portion of the complaint due to the plaintiff's failure to allege that he had exhausted all state remedies. *Threat v. Russi*, Civ. No. 91–6346T, at 2—3 (W.D.N.Y., October 2, 1991). Plaintiff was permitted to proceed with that portion of his action which seeks money damages for alleged wrongful confinement subsequent to the parole revocation. Defendants now move to dismiss the remainder of plaintiff's complaint on the grounds that he has failed to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b). For the reason's discussed below, defendants' motion is granted and the complaint is dismissed.

### BACKGROUND

Plaintiff makes the following allegations in his complaint which, for the purposes of this motion, will be taken as true:

While on parole from a previous sentence, plaintiff was arrested in Buffalo, New York and charged with possession of stolen property, possession of a dangerous weapon, unlawful imprisonment, driving while intoxicated and various other traffic offenses. A co-defendant was also charged with possession of stolen property, possession of a dangerous weapon, unlawful imprisonment. In addition, the co-defendant was charged with robbery and sexual abuse. The charges against Mr. Threat were heard by a Grand Jury, which did not return an indictment against him.

"Raul Russi."

Despite the fact that the criminal charges against the plaintiff were dismissed, parole violation proceedings were commenced against him. Parole Officer Lewis wrote a Violation of Parole report, which he then filed with the Parole Board. Plaintiff asserts that the "Parole Board allowed the alleged victim to commit perjury" during his parole hearing. He claims that, in the police report, the alleged victim did not mention that he had "anything to do with the alleged robbery or sexual abuse," but that at the hearing she testified that the plaintiff had held a knife to her throat and took her money." Plaintiff claims that his parole revocation was based solely on the alleged victim's second statement. For the sake of clarity, this court will address the allegations against each of the defendants separately.

## DISCUSSION

### A. *Defendants Thomas Coughlin and Raul Russi:*

In order to state a claim for a constitutional violation under § 1983, the plaintiff must allege personal involvement of each defendant. *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir.1985). The mere fact that the defendant was "in a high position of authority is an insufficient basis for the imposition of personal liability." *McKinnon,* 568 F.2d at 934; *Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir.1989). Nor does the doctrine of *respondeat superior* suffice to demonstrate personal responsibility of a defendant. *Al–Jundi,* 885 F.2d at 1065.

Plaintiff apparently bases his claim against defendant Thomas Coughlin on the fact that he has legal custody of plaintiff. Plaintiff's claim against Russi is apparently based upon the fact that Russi is the Chairman of the New York State Board of Parole and that he is the employer of defendant Veronica Thomas. Plaintiff does not assert that either Chairman Russi or Commissioner Coughlin were in any way *directly* involved with the decision to re-

voke his parole. Accordingly, plaintiff's complaint fails to state a cause of action against defendants Coughlin and Russi.

### B. *Defendant Veronica Thomas:*

Defendant claims that Parole Board Member Veronica Thomas violated his constitutional rights by relying on false testimony when revoking his parole. Neither the Supreme Court nor the Second Circuit has definitively answered the question of whether state parole officials enjoy absolute immunity from suit. This court and other district courts in the Second Circuit have, however, adopted the view of several other circuits, that state parole officials do enjoy absolute or quasi-judicial immunity when acting in their official capacity. *Vinson v. Barkley,* 646 F.Supp. 39, 41 (W.D.N.Y.1986) (citing *Sellars v. Procunier,* 641 F.2d 1295, 1301 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981)); *Doe v. United Social and Mental Health Services,* 670 F.Supp. 1121, 1124 (D.Conn.1987). Accordingly, because defendant Thomas was acting in her role as a Parole Board Member when she revoked plaintiff's parole, she is entitled to absolute immunity from his § 1983 action for money damages.

### C. *Defendant Norman Lewis:*

Although it is not clear from his complaint, plaintiff appears to allege that defendant Lewis filed the Notice of Parole Violation knowing that the plaintiff was not involved in the alleged sexual assault and robbery of the victim. In his complaint, plaintiff alleges that

[d]uring Parole Officer Norman Lewis' Investigation he came to the conclusion that I did not have anything to do with the alleged *ROBBERY OR SEXUAL ABUSE.* He also went so far as to inform friends and family members that the only involvement that I had with the alleged Robbery or Sexual Abuse was that I was driving the car that these alleged crimes occurred in.

(Complaint, at 3) (emphasis in original). Next, the complaint appears to set forth

the basis of each defendant's liability. With respect to defendant Norman Lewis, the plaintiff alleges simply that "he has filed the Notice Violation which this complaint is based on." (*Id.*). The Notice of Parole Violation charged the plaintiff with thirteen parole violations, including participating in the sexual abuse of the victim and participating in the forcible theft of fifteen dollars from the victim. (Exhibit A to Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss). Thus, the most liberal construction of plaintiff's complaint would be that it alleges defendant Lewis knew that the plaintiff did not have anything to do with the sexual assault or robbery of the victim, but nevertheless filed a Parole Violation report indicating that he did participate in and, in fact, commit those crimes.

In his Motion to Dismiss the plaintiff's complaint, defendant Lewis argues that as a matter of law, the filing of a false or unsubstantiated parole violation report, by itself, does not rise to the level of a constitutional violation. In a 1986 case, *Freeman v. Rideout*, the Second Circuit held that a prison guard's deliberate filing of a false report against an inmate does not, by itself, violate the inmate's fourteenth amendment rights. 808 F.2d 949, 951 (2d Cir.1986), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988).[2] Thus, the question which faces this court is whether, by analogy, the *Freeman* court's holding also applies to Parole Officers who knowingly file a report against a parolee, which contains false or erroneous information. I conclude that it does.

In *Freeman v. Rideout*, the Second Circuit discussed at length the prisoner's claim that the filing of unfounded charges, as a result of which he was placed in punitive segregation for thirty days, "deprived him of a constitutionally protected liberty interest." *Id.* The court, however, noted the difference between the *existence* of a constitutionally protected right, such as a liberty interest, and the deprivation of that

right *without due process* of law. The court stressed that not every deprivation of liberty violates the Fourteenth Amendment. Only those deprivations which are accomplished without adequate procedural safeguards, or "due process," result in a constitutional violation. *Id.*

Applying this reasoning to the filing of a false misbehavior report against an inmate, the *Freeman* court concluded that the prisoner had "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Id.* What the inmate *did* have a right to was *adequate* due process before being denied his right to liberty. Thus, the plaintiff would only suffer a constitutional violation of his fourteenth amendment rights if he did not receive adequate procedural protection upon being accused, falsely or not, of wrongdoing. *Id.* at 953.

The facts of the case now before me are congruent with the fact pattern in *Freeman;* the only difference being the status of the plaintiff at the time of the alleged violation. In *Freeman*, the plaintiff was a prisoner, while in the case at bar, the plaintiff was a parolee. Both individuals faced the loss of a substantial liberty interest. Both plaintiffs were granted hearings and given an opportunity to rebut the charges against them. Thus, I see no basis on which to distinguish *Freeman* from the case now before me. The filing of a false or unsubstantiated Parole Violation report seems to me to be no different than the filing of a false or baseless misbehavior report. The plaintiff, Mark Threat, "suffered as a result of the finding of [a parole violation by the parole board] and not merely because of the filing of unfounded charges by the defendant," Norman Lewis. *See Freeman*, 808 F.2d at 953. Accordingly, I conclude that the plaintiff's complaint does not state a cause of action against defendant Lewis for the alleged violation of

---

**2.** Although the Second Circuit has distinguished the holding in *Freeman* from cases in which the plaintiff alleges that the false report was filed in retaliation for the exercise of a constitutionally protected right, the basic tenets of *Freeman* remain the law in this Circuit. *See Franco v. Kelly,* 854 F.2d 584 (2d Cir.1988).

the plaintiff's fourteenth amendment rights.

 I must note that although the *Freeman* court does not couch the plaintiff's claim in terms of a constitutional violation for malicious prosecution, the facts of that case, and similarly, of the case now before me, are somewhat analogous to such a malicious prosecution claim. The Second Circuit has, however, recently discussed malicious prosecution claims brought pursuant to section 1983. *Easton v. Sundram,* 947 F.2d 1011, 1017 (2d Cir.1991). Like the claim in *Freeman,* a constitutional claim for malicious prosecution is typically predicated on a fourteenth amendment right, such as the deprivation of liberty. *Easton,* 947 F.2d at 1017. The *Easton* court noted that the Fourteenth Amendment protects individuals from "official conduct which 'shocks the conscience' or is 'used for purposes of oppression.'" *Id.* (citations omitted). Thus, the court concluded that in order to state a constitutional claim for malicious prosecution, the plaintiff must allege "conscious-shocking" behavior—that is, that he was "subjected to a misuse of the legal process so egregious as to work a deprivation of a constitutional dimension." *Id.* at 1018.

Even were I to apply the standard for an allegation of malicious prosecution to the case before me, I would conclude that the plaintiff has failed to state a claim against defendant Lewis for which relief may be granted. The plaintiff alleges that defendant Lewis filed a Parole Violation report charging him with participating in the sexual abuse and robbery of the victim, even though he had concluded that the plaintiff did not have anything to do with the sexual abuse or the robbery. This alone, in light of the fact that he received a parole hearing and had an opportunity to defend himself against the charges simply does not rise to the level of conscious-shocking behavior required by the Second Circuit in order to sustain a constitutional claim for malicious prosecution. Accordingly, plaintiff's claim against Norman Lewis is dismissed.

## CONCLUSION

Plaintiff has alleged claims against Paul Russi, Norman Lewis, Thomas A. Coughlin, III and Veronica Thomas. As discussed above, plaintiff has failed to allege the personal involvement of defendants Russi and Coughlin. Moreover, defendant Veronica Thomas, as a member of the Parole Board, is entitled to quasi-judicial immunity. Finally, as discussed in detail above, the plaintiff's allegation that defendant Lewis filed a false Parole Violation report fails to state a claim for violation of his constitutional rights under the Fourteenth Amendment. Accordingly, defendants' motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice in its entirety.

ALL OF THE ABOVE IS SO ORDERED.