USDC SDNY 
 MEMORANDUM ENDORSEMENT DOCUMENT 
 McGriff v. Superintendent Keyser et al. BLED DSO BLED 
 DOC #: 
 7:17-cv-07307-NSR-PED DATE FILED: _10/12/2021 
 The Court has reviewed Defendants’ request for leave to file a motion for summary 
 judgment (ECF No. 98), Plaintiff's letter requesting that the Court wait to address the 
 request until Plaintiff was released on September 23, 2021 and could procure an 
 attorney (ECF No. 99), and Plaintiffs letter notifying the Court of his new address 
 (ECF No. 100). 

 The Court waives the pre-motion conference requirement and grants Defendants leave 
 to file their proposed motion for summary judgment as follows: moving papers shall 
 be served (not filed) on December 15, 2021; opposition papers shall be served (not 
 filed) on January 14, 2022; reply papers shall be served on January 31, 2022. All 
 motion papers shall be filed on the reply date, January 31, 2022. If Plaintiff has not 
 obtained counsel by the reply date, Defendants shall file all motion papers, including 
 Plaintiff's opposition papers. If Plaintiff has obtained counsel by the reply date, 
 parties shall file their own papers. The parties shall provide two hard courtesy copies 
 of all motion papers to Chambers as they are served. 
 The Court has set the briefing schedule to afford Plaintiff time to find counsel. If 
 Plaintiff is unable to comply with the current briefing schedule, he must timely seek 
 an extension of his deadline to serve his opposition papers. 
 The Clerk of Court is directed to terminate the motions at ECF No. 98 and 93, to mail 
 a copy of this order to pro se Plaintiff at the address on ECF, and to show service on 
 the docket. 
 Dated: October 12, 2021 SO ORDERED: 
 White Plains, NY ee 
 Ohya 
 HON-NECSONS. ROMAN 
 UNITED STATES DISTRICT JUDGE 

 \ RS gris 
 S~CRerrset >” 
 STATE OF NEW YORK 
 OFFICE OF THE ATTORNEY GENERAL 
 LETITIA JAMES DIVISION OF STATE COUNSEL 
ATTORNEY GENERAL LITIGATION BUREAU 
 DIRECT DIAL: (212) 416-6551 
 September 15, 2021 
 Via ECF 
 Honorable Nelson S. Roman 
 United States District Judge 
 Southern District of New York 
 300 Quarropas Street 
 White Plains, New York 10601 
 Re: McGriff v. Keyser, No. 17 Civ. 7307 (NSR) 
 Dear Judge Roman: 
 This Office represents defendants William Keyser, Anthony Polizzi, and Stephen Keyser, 
 (collectively “Defendants”) in the above-referenced matter. Pursuant to Judge Davison’s Order 
 on August 4, 2021, and Your Honor’s Individual Practices, I write to respectfully request that the 
 Court schedule a pre-motion conference in order to discuss the Defendants’ anticipated motion for 
 summary judgment. 
 Plaintiff, an inmate at Sullivan Correctional Facility (“Sullivan”), alleges that on October 
 19, 2015, Defendant Keyser wrote a misbehavior report charging him with drug possession and 
 smuggling contraband. (Dkt. No. 32, | 8,12). Plaintiff was placed in SHU pending a hearing before 
 Defendant Hearing Officer Polizzi, who found Plaintiff guilty and sentenced him to 45 days 
 keeplock. Plaintiff contends that he did not receive due process at his disciplinary hearing, and that 
 the conditions in SHU, where there was ongoing construction during the day, violated the Eighth 
 Amendment. The sole claims remaining in this case are due process claims concerning the conduct 
 of the disciplinary hearing against Defendants Polizzi and Keyser, and an Eight Amendment claim 
 concerning the conditions in SHU against Defendant Superintendent Keyser. These claims are all 
 meritless. 
 1. Plaintiff’?s Eighth Amendment Claim Fails Because He Failed to Exhaust his 
 Administrative Remedies Prior to Filing this Action 
 The Second Circuit has expressly held that the clear language of § 1997e(a) requires that 
 exhaustion be completed prior to commencement of an action in court. Neal v. Goord, 267 F.3d 
 116, 123 (2d Cir. 2001). Exhaustion requirement “applies to all inmate suits about prison life, 
 whether they involve general circumstances or particular episodes.” Porter _v. Nussle, 534 U.S. 
 516, 532 (2002). Compliance with the particular prison’s administrative grievance procedure 
 “define[s] the boundaries of proper exhaustion.” Jones v. Bock, 549 U.S. 199, 218 (2007). The 
 exhaustion must be “[p]roper,” meaning that it must “compl[y] with an agency’s deadlines and 
 28 LIBERTY ST., NEW YORK N.Y. 10005 * PHONE (212) 416-8610 * FAX (212) 416-6075 *NOT FOR SERVICE OF PAPERS 
 HTTP://WWW.AG.NY.GOV 

imposing some orderly structure on the course of its proceedings.” Woodford v. Ngo, 548 U.S. 81, 
90-91 (2006). An inmate grievance procedure pursuant to DOCCS Directive 4040 requires an 
inmates to follow a three-step process (§ 701.5(a)-(b); 7 N.Y.C.R.R. § 701.5 (a)-(b). Plaintiff 
admits that he did not file a grievance concerning the noise while in SHU, and alleges that he 
grieved regarding the dusty food but did not receive any response at the time he commenced this 
action. Plaintiff thus failed to exhaust his Eighth Amendment claims, and they should be dismissed. 

 2. Defendant Superintendent Keyser was not Personally Involved in Any Constitutional 
 Violation 

 “[P]ersonal involvement of defendants in alleged constitutional deprivations is a 
prerequisite to an award of damages under § 1983.” Shomo v. City of New York, 579 F.3d 176, 
184 (2d Cir. 2009) (citation omitted). To hold a prison official liable under § 1983 “requires a 
showing of more than the linkage in the prison chain of command.” Ayers v. Coughlin, 780 F.2d 
205, 210 (2d Cir. 1985). Instead, plaintiffs must allege non-conclusory facts sufficient to establish 
that “each Government-official defendant, through the official’s own individual actions, has 
violated the Constitution.” Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Here, the only factual 
allegations in the Amended Complaint concerning Superintendent Keyser is that he was told, 
during rounds and by one letter, of the dusty food and noise issues in SHU. He is sued simply 
because of the high-ranking position he holds within DOCCS. This is insufficient to state a claim 
as a matter of law. See Ayers, 780 F.2d at 201. Additionally, receiving a letter from an inmate does 
not render the official personally involved with respect to the subject matter of the letter. Sealey 
v. Giltner, 116 F.3d 47, 51 (2d Cir.1997). 
 3. Plaintiff Has Not Alleged a Deprivation of A Liberty Interest 

 The Second Circuit has instructed that “[r]estrictive confinements of less than 101 days do 
not generally raise a liberty interest … .” Davis v. Barrett, 576 F.3d 129, 133- 134 (2d Cir. 2009). 
Here, Plaintiff alleges that he was only sentenced to 45 days in keeplock, and there are no facts 
alleged to indicate that his keeplock confinement was unusual or different from routine restrictive 
confinement in keeplock or SHU. The allegations concerning dusty food and noise relate only to 
the pre-hearing time spent in SHU. He has thus failed to allege a liberty interest implicating the 
Due Process Clause, and the Court need proceed no further. 

 4. Plaintiff Received All the Process That Was Due In Any Event 

 The only process that an inmate is due at a disciplinary hearing is “advance written notice 
of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and 
present documentary evidence; a fair and impartial hearing officer; and a written statement of the 
disposition, including the evidence relied upon and the reasons for the disciplinary actions taken.” 
Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (citing Wolff v. McDonnell, 418 U.S. 539, 563-
567 (1974)). Furthermore, “judicial review of the written findings required by due process is 
limited to determining whether the disposition is supported by ‘some evidence.’” Id. (citing 
Superintendent v. Hill, 472 U.S. 445, 455 (1985). “This standard is extremely tolerant and is 
satisfied if there is any evidence in the record that supports the disciplinary ruling.” Sira, 380 F.3d 
at 69 (emphasis in original). Here, Plaintiff concedes that he was able to present witnesses and 
 28 LIBERTY ST., NEW YORK N.Y. 10005 • PHONE (212) 416-8610 • FAX (21 2) 416-6075 *NOT FOR SERVICE OF PAPERS 
in question. Plaintiff contends only that he was denied due process during his disciplinary hearing 
because Defendant Keyser was purportedly not able to specify the coded language used on 
Plaintiff’s phone call that indicated he was smuggling drugs, and there was thus not “substantial 
evidence” in the record to support Defendant Polizzi’s guilty verdict. But the Due Process Clause, 
even if applicable, would require only that there be “some evidence” in the record to support the 
disciplinary conviction. Sira, 380 F.3d at 69. Even were Keyser’s testimony to be disregarded, the 
misbehavior report and testimony of other witnesses were more than sufficient to meet this 
minimal standard. See Eleby v. Selsky, 682 F. Supp. 2d. 289, 293 (W.D.N.Y. 2010). Failure to 
consider all plaintiff’s objections would amount to harmless error in any event. Id. 

 5. Defendants Are Entitled to Qualified Immunity 

 The Second Circuit has instructed that “[t]he issues on qualified immunity are: (1) whether 
Plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that 
right was ‘clearly established’; and (3) even if the right was ‘clearly established,’ whether it was 
‘objectively reasonable’ for the officer to believe the conduct at issue was lawful.” Gonzalez v. 
City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). All Defendants are entitled to qualified 
immunity because Plaintiff does not make out a claim for a due process violation, as the time 
served in SHU did not implicate a liberty interest and he was afforded all process guaranteed in a 
disciplinary hearing. Additionally, the conditions while in SHU, were compelled by necessity, and 
a reasonable official could have believed that construction noise during the day did not implicate 
the Eight Amendment. In any event, a reasonable official in Defendants positions could have 
believed that the actions they are alleged to have taken did not violate the Constitution. 

 Respectfully submitted, 

 By: /s/ 
 Jessica Acosta-Pettyjohn 
 Assistant Attorney General 
 Jessica.Acosta-Pettyjohn@ag.ny.gov 
cc: Dewitt McGriff 
 DIN: 97-A-6773 
 Sullivan Correctional Facility 
 P.O. Box 116 
 325 Riverside Drive 
 Fallsburg, NY 12733 
 (Via First Class Mail) 
 28 LIBERTY ST., NEW YORK N.Y. 10005 • PHONE (212) 416-8610 • FAX (21 2) 416-6075 *NOT FOR SERVICE OF PAPERS 
pro se P letter dated 9/20/2021re 9/23/21 release date and response to 
 / 23/2021 Defendants’ letter at ECF No.98. 

 SDNY Dew) i MG tt 4 9746772: UE CEIV TL 
CUMENT Sullivan Core, Fac: □□ 
 FILED P.O. Box JIG mB) SEP 23-2021 | 
Ce Kivyside D CiVEe NELSON S. ROMAN 
TE 9/23/2021 _ fallsburg, WY, 12733 
 | Hon. Nelson S. Roman (PED) September 2O, 2021 
 | United States Désteich J uege 
 | Southern District of Neue oe 
 SOO. Qua r ropes Street 
 White Plains’, NewYork JO&0! a □ 
 Re MCGrifPv. Keyser, No. 17 Civ. 7307 CUSR) PED) 

 | Dear Judge Romda: 
 |. L fecieved a le ter ftom the Atheney Cenerols 
 Oice todas y of them (eguestirg on □□□ motion donterence. 
 fan. The Couct. When Vou recieve this lef EL 
 be peleasedl fran priser ger wut on G-23-2l+ 
 | Once oat, Twill the Gict and the Ath ben. □□□□□□ 
 fo fegistec my nes location, lequest That The Gyuct 
 holol We wo the. pee- mote Confbrence._tyath| Fan □□□□ 
 to obfas'7 Cou rnse/ tic The. oboe COS □□□ 
 L relernee my Civil Comp lana whith hes merit , 
 aS you. hove eo , to“ Combat Fri Si fous mote for 
 | Summary Mela mont thet the detenclats voont » subir 

| fo - Se 

 OMe 
 . , 4 oO : 
‘ A vsn AeWO IBA, 2 □□ 
 | (GS EOS 
 : cal iPS i 
 owe ET:
 — Beuneie weantp = = 
 + 
 arene CQ =, 
 OS □ 
 La □□□ 
 OE Sey] Vv = 
 hn Ae a a | XY = 
 . Z OCfeh sett gs SS = 
 | “i SW Ss S = 
 ! ef (S 8 {9 □ 
 RE □□ □ 
 Bg 2 sHYxX = 
 = 
 fy Y 4S 4 a = 
 Ra 2. = 
 i ‘thi aN Q ~Y 
 a MA □□ 
 . he ~ AR □□ 
 po g a Su 288 
 ZS NS A C 2 
 | □ "4S 9 
 : a S S y 4 
 ~~ OW) g Cy □ 
 . ‘ . > □ 
 po Sy
 4 q sS§ysk
 Ss LS 2 
 yy Leo 
 Q S BS 2 □□ 
 qo. =, AY Pee, 
 OD AF □□□ 

 ‘ rf PS 
 . wl OQ ee
 — 8 2
 te ©. 
 | mow
 8 &S 
 6 = 4 
 j m ~ . Q 
 x 2 
 — Org □□ 
 LY 
 *9e9 wg 
 «BSE 3 
 □ 

Dewitt MGefh PI SCE 
1b2-45 (30% ve J 8) 
 Jamatca, Ny (1/434 i EP 27», FL] 

Te = 
 of the Chu □ 
United States District Cour: 
Southern District of New York _ 
[Fedlecal Butlins and United Shree CounP 
200 Quarrhdas Street 
 Ajte Llain MY {[040O/ . . 
 Bet Indy -CV- 7307 (WSR) -(£ED) 
Date: September 22%, 202) 
| Dear Clerk _ 
 _ Bis, ole Nir ss 4 Ss lo _fat Lr he □□□□□ 
 ‘Y¥) NEA) (re 1 Oc O74 « QtHAT MO □□□□□ 
atadee cat. My Meal Locotin ladyreos) It 
 □ YS 30 Ave 
 ITT Os tf / j _ 

 30 please send all Cogeswndence fo 
 ] Yigal JOCATECA), The ghrye C4de □□ 
 Le. SO LL fa Lh! Ye Atte THIOGYE fcF fs 3. □ 
 s/f IZ S OfSO. £2, Z ao leer LO Ae 

 . . . BOSE XLfA FF 
 , p □ 

| Deted* $207, 23, 20a) 

UNITED STATES DISTRICT COURT ECE VE 
SOUTHERN DISTRICT OF NEW YORK 

 U.S. 
 CERTIFICATE OF SERVICE wee 

 1, Dewitt McGriff, certify that on 23 day of Sep tem ber 20. 21, I mailed a copy 
of the following document(s) and all attachments: 
 beffer_inocmina the Court of my Cf 
 [Ifist all Documents and Attachments] 
 of □□□ ress 

to the following parties: C ey 4 2 Un, of Sth, fos ‘Distciet Cou Ft 
 + Place Name and Address Where Documents Were Sent] 
Sor rhea D istrict of New Yutk, Un ted 4S Ets s Cuort hy $e. 
 Ze Quaccopas Street, white la 23 MY. fObO/ .- □ 
b Lice of the Attoney General 28 Liberty Ste 5 Mt, My, 10005 d 
 I certify that these documents were placed in a United States Postal Service mailbox on 
the below indicated date for forwarding to the above parties by First Class Mail via U.S. Postal 
Service, 
 I further certify under penalty of perjury that the foregoing is true and correct pursuant to 
28 U.S.C, § 1746. . 

Executed on: Sept. ZA , 202 f. 
 Jamaica, New York 

 oe □□ [ Signature] _f D) oy Y Hye YY /', f 
 | PrineName] Dee □□ 

 fas ja _ 8 
 yO} ~ I = 
 € oO hy OQ = 
 | aS. 
 :
 ob — ls 
 CPC 
 3 S OS a = ms 
 5 t □□□ 
 oO 
 . gy Qo □□ 
 =r = A Wd □ 
 & □□ 
 SES 3 Bye 
 se 3 23” 
 SES 4 
 — SEX Ws ta 
 Vz 8S ~ Ss 4 

 □□ SR 

 = at □□ 

 @ □□ 

7 . . \ 
 j □□□