◼ In the Matter of HAROLD KONIGSBERG, Respondent-Appellant, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Appellants-Respondents. —Kane, J.

We agree with Special Term that the alleged improprieties on the part of respondents involve, for the most part, matters which are concerned with the government and discipline of the prison facility on a day-to-day basis, and as such, fall within the broad powers of respondent Commissioner of Correctional Services to provide rules and regulations for the operation of facilities under his jurisdiction (see, Correction Law §§ 112, 137; *Matter of Baker v Wilmot,* 65 AD2d 884, *lv denied* 46 NY2d 710, *appeal dismissed* 46 NY2d 939). This power is circumscribed only by the requirement that sanctions imposed upon a prisoner be consistent with the requirements of due process *(Wolff v McDonnell,* 418 US 539, 563-566). Accordingly, the Commissioner promulgated rules and regulations establishing detailed procedures through which inmates may resolve their grievances (7 NYCRR part 701). We are instructed by our Court of Appeals that an inmate must avail himself of these remedies before he institutes a CPLR article 78 proceeding so that there may be a fair and orderly review of grievances and a determination made separating those matters which may be resolved administratively from those requiring review by the courts *(Matter of Patterson v Smith,* 53 NY2d 98). Therefore, while it may ultimately be established that petitioner is entitled to all or some of the relief heretofore afforded him at Special Term, such relief is premature and the petition must be dismissed. However, such dismissal is without prejudice to petitioner availing himself of the administrative remedies provided to him by 7 NYCRR part 701 for reconsideration of the requested relief heretofore granted at Special Term *(see, Matter of King v Correspondence Dept.,* 89 AD2d 1043, *lv denied* 58 NY2d 601).

Judgment modified, on the law, without costs, by reversing so much thereof as directed that petitioner be provided with Kosher food, reasonable visitation with a rabbi and housing in a clean vermin-free cell; petition dismissed in its entirety; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.