■ In the Matter of ANDRE ROBERTS et al., Respondents, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Appellants. —Levine, J. Appeal from that part of a judgment of the Supreme Court (Cobb, J.), entered July 21, 1989 in Greene County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, and declared the practice of threatening petitioners with disciplinary sanctions for engaging in prayer during classroom breaks to be unconstitutional.

When this proceeding was originally commenced, all of the petitioners, practicing Moslems of the Islamic faith, were inmates at Coxsackie Correctional Facility in Greene County and enrolled in an evening college program run by the Junior College of Albany at the facility. The classes they attended were conducted weekday evenings from 6:30 P.M. to 9:00 P.M. with a single 10-minute break. Petitioners Mitchell Saunders and Da'ud Nashid had withdrawn from the college program while the proceeding was pending before Supreme Court, and the petition was dismissed for mootness as to them by that court. At the time of the submission of this appeal, the Attorney-General represented, without contradiction, that all of the remaining petitioners except William Riley and Keith Foster had either left the Coxsackie facility or withdrawn from the program and, therefore, except for Riley and Foster (hereinafter petitioners), this appeal is also moot.

The petition alleges that the inmates involved, as practicing Moslems, are obliged to engage in a ritual, demonstrative prayer at sunset, known as the "Salatul Maghriv", in which they kneel, bend forward touching the forehead to the ground and motion with their hands and arms continuously for a period in excess of five minutes. It is further alleged that, during the summer, the time for the sunset prayer to be performed occurred during the break in classroom sessions. However, facility officials have indicated that petitioners would be disciplined for engaging in the Salatul Maghriv during such breaks, as a violation of a Department of Correctional Services directive prohibiting inmates from engaging in demonstrative prayers except "in the privacy of their living quarters, during a religious service or in an area of the

facility that has been designated for religious worship". Petitioners allege that enforcement of the directive and the imposition of sanctions for any violation thereof would infringe upon their rights to religious freedom under the Federal and State Constitutions.

Respondents served an answer to the petition with objections in point of law seeking dismissal of the petition on the ground, *inter alia,* that petitioners failed to exhaust their administrative remedies by not availing themselves of the Inmate Grievance Program created under Department regulations (7 NYCRR part 701). Supreme Court overruled this objection, reasoning that resort to such administrative remedy would be futile due to rejection of the same grievance of another Moslem inmate by prison authorities on a previous occasion. Supreme Court then addressed the merits and held that respondents' threat to penalize petitioners for engaging in their sunset prayers was in violation of their 1st Amendment rights. This appeal followed.

In our view, the petition should have been dismissed for petitioners' failure to exhaust their administrative remedies. The regulations provide for a four-step grievance procedure, including successive review by the facility's Inmate Grievance Resolution Committee, the facility Superintendent, the Department's Central Office Review Committee and, finally, referral to the State Commission of Correction for a recommendation to be acted upon by respondent Commissioner of Correctional Services (7 NYCRR 701.10). The need for full administrative review is readily apparent here, notwithstanding that the petition raises a constitutional issue. Petitioners' constitutional attack is to the application of the Department's directive concerning demonstrative prayer, not to the facial validity of the directive; therefore, resort to administrative review is required in the first instance *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376; *cf., Loretto v Teleprompter Manhattan CATV Corp.,* 53 NY2d 124, 138-139, *revd on other grounds* 458 US 419). Moreover, both the Federal and State tests for determining the constitutional validity of prison regulations are heavily dependent upon the facts and circumstances of the individual case, in balancing the institutional needs of the facility, the degree of infringement of free speech and/or religious activities, and the like *(see, Matter of Lucas v Scully,* 71 NY2d 399, 405-406). Again, a constitutional challenge thus hinging upon factual issues reviewable at the administrative level should initially be addressed to the agency so that the necessary

factual record can be established *(Matter of Dozier v New York City,* 130 AD2d 128, 135; *see, Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25, 27, n).* Moreover, merely asserting a constitutional claim does not excuse a failure to pursue established administrative procedures that can provide adequate relief *(Matter of Valvano v Jones,* 122 AD2d 336; *Matter of Konigsberg v Coughlin,* 124 AD2d 262, 263).

By the same token, Supreme Court erred in concluding that the failure to exhaust administrative review here was excusable because resort to petitioners' administrative remedy would have been futile. The court based this conclusion on a previous administrative ruling rejecting an inmate's grievance similar to petitioners' claim. In that case, however, the inmate failed to pursue his complaint through the final step of the grievance procedure, involving review by the State Commission of Correction which would then make a recommendation to be acted upon by the Commissioner of Correctional Services. Since there is nothing whatsoever in the record to indicate that either the Commission or the Commissioner had prejudged this issue, petitioners have not established that full exhaustion of their administrative remedies would be futile *(see, Matter of Grattan v Department of Social Servs.,* 131 AD2d 191, 193, *lv denied* 70 NY2d 616).

Consequently, the petition should have been dismissed, but without prejudice to initiation of a new proceeding if petitioners' administrative remedy is ultimately denied *(see, Matter of Patterson v Smith,* 53 NY2d 98, 103-104; *Matter of Konigsberg v Coughlin, supra,* at 263).

Appeal dismissed, as moot, without costs, as to petitioners Andre Roberts, Michael Hernandez, James Jenkins, Jerome Jackson, Stephen Parker and Thomas Clark.

Judgment reversed, on the law, without costs, and petition dismissed without prejudice as to petitioners Keith Foster and William Riley. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.