■ In the Matter of DANIEL R. PHELPS, Appellant, v PETER PINKNEY, as Sheriff of Cayuga County, Respondent. [604 NYS2d 368] —Judgment modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We modify the judgment to grant the petition insofar as it seeks to annul respondent Sheriff's policies denying petitioner, a Baptist minister of the gospel, access to a Bible for use during his visitations with prisoners at the Cayuga County Jail and precluding him from holding confidential consultations with those prisoners. Respondent concedes that petitioner has the credentials to qualify as a "religious advisor" (9 NYCRR 7024.3 [a]). Because prisoners are entitled to "confidential consultation" with a religious advisor (9 NYCRR 7024.3 [c]; *see also, Griffin v Coughlin,* 743 F Supp 1006, 1025-1029), respondent's determination denying petitioner "confidential consultation" is arbitrary and capricious. The right to confidential consultation with a religious advisor is not limited, as respondent contends, only to those members of the clergy who participate in the County Jail's religious program, i.e., those religious advisors whose congregations are located within the same township as the jail *(see,* Correction Law § 500-j). Further, respondent failed to allege a rational basis for denying petitioner the use of one of the County Jail's 50 Bibles during private ministrations.

The judgment is further modified to grant that portion of the petition that seeks to annul respondent's policy of restricting petitioner to one visit per day. Although respondent could require petitioner to exercise visitations during the County Jail's established visitation schedule and routine, there is no

rational basis for arbitrarily limiting petitioner to one visit per day in response to requests from prisoners.

Supreme Court properly denied petitioner's request for an order directing the Sheriff to permit petitioner to inspect the County Jail's commitment record on a weekly basis. Although respondent concedes that petitioner is entitled to a copy of the daily booking record of the County Jail (see, Correction Law § 500-f) and is willing to provide petitioner with a monthly computer printout of that record, petitioner has not filed a request with respondent for weekly inspections. Because respondent has not refused weekly access and therefore no administrative appeal has been taken (see, Public Officers Law § 89 [4]), petitioner's request for article 78 review of that issue is premature.

All concur except Callahan, J., who dissents in part and votes to affirm in the following Memorandum.

Callahan, J. (dissenting in part). I vote to affirm for reasons stated in the decision at Supreme Court, Cayuga County (Corning, J.). The provisions of the Correction Law relating to the treatment of inmates in State correctional facilities (Correction Law § 137) are also applicable to local facilities (Correction Law § 500-k). The Correction Law provides that "[t]he following persons may visit at pleasure all county jails * * * and every minister of the gospel having charge of a congregation in the town in which such jail * * * is located. No other person not otherwise authorized by law shall be permitted to enter the rooms of a county jail * * * unless under such regulations as the sheriff of the county * * * shall prescribe" (Correction Law § 500-j).

The issues raised by petitioner are matters that concern the government and discipline of the prison facility on a day-to-day basis, and, as such, fall within the broad powers of the Correctional Services that provide for the rules and regulations for the operation of that facility (see, Correction Law §§ 112, 610; Matter of Konigsberg v Coughlin, 124 AD2d 262). The very nature of a correctional facility, where confinement and order are necessary, requires that the imposition of reasonable restrictions by prison officials must be weighed against the institutional needs and the objectives being promoted (see, Matter of Rivera v Smith, 63 NY2d 501, 511).

In my view, the restrictions imposed by the Sheriff are necessary to promote the orderly operation of that facility in a secure manner. To adopt the majority view and permit any clergyman from anywhere to solicit the inmates and afford

unlimited access is disruptive to the orderly maintenance of the facility and threatens its security. Furthermore, it should be noted that no inmate in this facility has expressed dissatisfaction with the reasonable opportunity to exercise religious freedom guaranteed by the First and Fourteenth Amendments *(see, Blair-Bey v Nix,* 963 F2d 162, *cert denied* — US —, 113 S Ct 620). Correction Law § 500-e regulates the availability of a Bible. (Appeal from Judgment of Supreme Court, Cayuga County, Corning, J.—Article 78.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.