■ In the Matter of JAMES RUSHIN, JR., Appellant, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [653 NYS2d 171] —Peters, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered May 15, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition on the ground that the challenged administrative determination is not ripe for review.

Petitioner is a prison inmate in a State correctional facility. He is currently being housed in the facility's protective custody unit (hereinafter PCU). In late 1995, the facility modified the PCU by, *inter alia*, replacing the single beds with bunkbeds. Petitioner commenced this proceeding charging, *inter alia*, that the placement of the bunkbeds was an arbitrary and capricious decision. Respondents moved to dismiss the proceeding on objections in point of law. Supreme Court granted the motion on the ground that the case was not ripe for judicial review. Petitioner appeals.

We affirm. In doing so, we note the two-step analysis required to be undertaken when considering whether an agency action is reviewable. The first step, which is the "appropriateness inquiry", involves an analysis of the completeness of the agency's action to decide if it "inflicts actual and concrete injury, or whether the agency's action, despite being final, awaits consideration of extraneous factors as yet unknown" (*Matter of Jamaica Water Supply Co. v Public Serv. Commn.*, 152 AD2d 17, 20; *see, Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, *cert denied* 479 US 985). Here, placement of the bunkbeds cannot be said to be a final agency action which leaves nothing more than a purely legal question to resolve, because it has not had any impact upon petitioner (*cf., Matter of Cabrini Med. Ctr. v Axelrod*, 107 AD2d 965). Respondents averred that the modifications were made to create additional space in the event that another prison facility exceeded its

maximum capacity, an event that has not yet occurred. In addition, it is not disputed that petitioner has not been forced to double bunk with any other inmates. Finally, even if double bunking were to occur, petitioner might remain unaffected due to the possibility of a transfer or a change in his confinement status. Thus, petitioner is merely attempting to prevent a speculative harm from occurring (*see, Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Counsel 82, v Cuomo*, 64 NY2d 233, 240).

The second step of the analysis involves a consideration of the effect on the parties if judicial review is declined. If the anticipated harm is insignificant, remote or contingent, or if it may be prevented or ameliorated by further agency action or steps available to the complainant, the controversy will not be deemed ripe for review (*see, Matter of Jamaica Water Supply Co. v Public Serv. Commn., supra*, at 20; *see also, Church of St. Paul & St. Andrew v Barwick, supra*). Here, as noted, the threatened action may never actually occur, either because the other facility fails to exceed its capacity or because petitioner will no longer be housed in the PCU if the double bunking should occur. It will not be until that point that the matter will be considered ripe for review. We have reviewed and rejected as unpersuasive petitioner's remaining contentions.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.