■ In the Matter of ARCHIE CLARKE, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Annex Correctional Facility, et al., Respondents. [682 NYS2d 118] —Spain, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered December 26, 1997 in Clinton County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review, *inter alia*, a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking review of a determination of respondent

Commissioner of Correctional Services which found petitioner guilty of violating the prison disciplinary rule that prohibits inmates from violating mess hall seating and serving arrangements. Petitioner also seeks review of the denial of his Freedom of Information Law (hereinafter FOIL) request. Finally, petitioner contends that he was improperly denied "alternative meals" and was wrongfully terminated from his job at the tailor shop. Supreme Court dismissed the petition with respect to review of the disciplinary proceeding, as well as the FOIL and alternative meal requests. In regard to petitioner's grievance regarding the loss of his job, Supreme Court ordered respondents to file an amended answer addressing whether petitioner had stated a cause of action on that issue. This appeal ensued and we affirm.

The misbehavior report, which was signed by the correction officer who authored the report and a witnessing officer, combined with petitioner's testimony at the tier II hearing, constitute substantial evidence of petitioner's guilt (*see, Matter of Moncrieffe v Bennett*, 251 AD2d 925). Moreover, the factual allegations in the misbehavior report were sufficiently detailed as to apprise petitioner of the charges against him, and as petitioner has not established that he was prejudiced as a result of the report's erroneous account of the time of the incident, the defect was harmless (*see, Matter of Mays v Goord*, 243 AD2d 882).

Next, we reject petitioner's contention that he was improperly denied an alternative meal when his alleged illness prevented him from going to the mess hall. Petitioner was not eligible for alternative meals as they were only available "to inmates with thirty or more days keeplock or medical restriction". Inasmuch as petitioner argues that he should have been provided an alternative meal because of his religious beliefs (*see, Matter of Bunny v Coughlin*, 187 AD2d 119, 120, *appeal dismissed* 82 NY2d 679), petitioner did not properly raise this issue in his grievance and as it was not administratively addressed, his failure to exhaust administrative remedies regarding this issue mandated dismissal of that portion of his petition (*see generally, Matter of Tavarez v Goord*, 237 AD2d 837, 838; *Matter of Roberts v Coughlin*, 165 AD2d 964, 965).

Furthermore, with respect to petitioner's FOIL request, the record indicates that he was given a copy of the only letter in his file regarding his alleged inability to work at the tailor shop. As petitioner has failed to establish that there was any other letter to which he was denied access, Supreme Court properly dismissed that part of his petition.

We have reviewed petitioner's remaining contentions and find them to be either not properly before this Court or lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.