In the Matter of MILTON MATOS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [811 NYS2d 480]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 2, 2004 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Deputy Commissioner of Programs recommending petitioner's participation in the sex offender counseling program and a determination of the Central Office Review Committee denying petitioner's grievance.

In satisfaction of a multicount indictment, petitioner pleaded guilty to robbery in the first degree and was sentenced to 15 years in prison. As part of his incarceration, it was recommended that he participate in the sex offender counseling program (hereinafter SOCP), to which he initially agreed. Later, however, petitioner questioned the recommendation on the ground that he was not convicted of a sex-related crime. The

Deputy Commissioner of Programs informed him that the recommendation was appropriate based upon the circumstances of his offense and the facts contained in the presentence investigation report. Thereafter, petitioner filed a grievance in connection with the matter, which was ultimately denied by the Central Office Review Committee. Petitioner commenced the instant CPLR article 78 proceeding challenging the determinations of the Deputy Commissioner of Programs and the Central Office Review Committee. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

In order to prevail, petitioner must demonstrate that the administrative determinations at issue are arbitrary and capricious or are without a rational basis (see e.g. *Matter of Harris v Goord*, 18 AD3d 1040 [2005]; *Matter of Harty v Goord*, 3 AD3d 701 [2004]). Initially, we note that those individuals categorized by the Department of Correctional Services as eligible for participation in the SOCP include an "offender [who] is serving a sentence for a non-sex crime, however there is evidence that a sex crime or the attempt to commit a sex crime did occur in the course of the instant offense and as documented in the Presentence Report or other related documents." Here, the presentence report indicates that petitioner displayed a razor while committing the robbery and, thereafter, forced the female victim into her car where he fondled her breasts and demanded that she perform oral sex on him. Given that petitioner engaged in conduct of a sexual nature while committing the crime for which he was ultimately convicted, the referral to the SOCP was rational. Notably, while petitioner's refusal to participate in the SOCP may have potentially adverse effects on such matters as his eligibility for parole and participation in the family reunion program, petitioner cannot be compelled to attend the program. In view of the foregoing, we conclude that dismissal of the petition was proper.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.