■ In the Matter of ALFONSO RIZZUTO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [824 NYS2d 488]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 28, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services recommending that petitioner participate in a sexual offender counseling program.

Petitioner is presently serving time in prison having been convicted of enterprise corruption in the first degree, forgery in the second degree and obstructing governmental administration by means of a self-defense device. The conduct providing the basis for petitioner's enterprise corruption conviction was his operation of a prostitution ring. While incarcerated, petitioner was found guilty of various prison disciplinary rule violations arising from his solicitation of a female to provide prostitution services and his sexual assault upon said female. Thereafter, the Department of Correctional Services recommended that he participate in a sexual offender counseling program, which he agreed to do. However, he subsequently commenced this CPLR article 78 proceeding challenging the recommendation and, at the same time, requested a stay precluding him from being ejected from the program. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Initially, given that petitioner engaged in sexual exploitation in connection with one of his criminal convictions and exhibited sexually inappropriate behavior while in prison, the recommendation that he be required to participate in the sexual offender counseling program has a rational basis (*see Matter of Harris v*

*Granger*, 30 AD3d 840, 841 [2006], *lv denied* 7 NY3d 716 [2006]; *Matter of Matos v Goord*, 27 AD3d 940, 941 [2006]). There is no merit to his claim that the recommendation was made in retaliation for his past grievances. Moreover, while petitioner fears being ejected from the program and the adverse consequences flowing from his failure to successfully complete it, such matters are not ripe for judicial review as the petition does not allege that any such consequences occurred at the time this proceeding was commenced (*see Matter of Rushin v Commissioner of N.Y. State Dept. of Correctional Servs.*, 235 AD2d 891, 892 [1997]). Therefore, Supreme Court properly dismissed the petition.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.