■ In the Matter of ZAULO FERNANDEZ, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [862 NYS2d 189]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered October 15, 2007 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

On December 1, 2006, while an inmate at Eastern Correctional Facility in Ulster County, petitioner filed a grievance over a disagreement that he had with the Protestant Chaplain concerning religious practices. The grievance was denied by the Inmate Grievance Resolution Committee and petitioner appealed to respondent Superintendent of the facility. Following an investigation, the Superintendent denied the grievance. Although the grievance form containing the Superintendent's denial included a section providing for a further appeal to the Central Office Review Committee (hereinafter CORC), petitioner did not complete this part of the form. Rather, he wrote a letter "in lieu of an appeal" to CORC's Deputy Commissioner and Counsel requesting a further investigation of the matter. When petitioner did not receive the desired response, he commenced this CPLR article 78 proceeding. Respondents moved to dismiss the petition on the ground that petitioner had not exhausted his administrative remedies. Supreme Court granted the motion and this appeal ensued.

We affirm. Although petitioner initially availed himself of the administrative appeal procedure by appealing the denial of his grievance to the Superintendent, he did not follow the proper protocol in further appealing the Superintendent's denial to CORC. Indeed, he never completed the grievance form properly bringing the matter before CORC, and his letter to CORC's Deputy Commissioner and Counsel did not remedy this defect.

Accordingly, the petition was properly dismissed due to petitioner's failure to exhaust his administrative remedies (*see Matter of Woodall v Goord*, 6 AD3d 1000, 1001 [2004], *lv dismissed* 3 NY3d 765 [2004]).

Mercure, J.P., Peters, Spain, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.