■ In the Matter of JOHN E. HARRIS, Appellant, v JAMES V. GRANGER, as Director of the Office of Guidance and Counseling, et al., Respondents. [882 NYS2d 545]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered August 26, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's grievance.

Petitioner currently is serving an aggregate prison term of 20 years to life following his 1975 plea of guilty to the crimes of murder and attempted murder. Approximately 30 years later, and based upon information contained in the presentence investigation report suggesting that there was a sexual element to the underlying murder conviction, petitioner was referred to the Department of Correctional Services' Sex Offender Counseling Program (hereinafter SOCP). When respondents confirmed petitioner's referral, he commenced a CPLR article 78 proceeding to challenge that determination. Supreme Court (Benza, J.) dismissed petitioner's application for failing to comply with the applicable service requirements and, upon appeal, this Court affirmed (*Matter of Harris v Granger*, 30 AD3d 840 [2006], *lv denied* 7 NY3d 716 [2006]).* Petitioner thereafter filed a grievance contending that he had been improperly "classified" as a sex offender and challenging the referral to SOCP. Ultimately, petitioner's grievance was denied, prompting him to commence this CPLR article 78 proceeding to challenge the denial of his grievance. Supreme Court dismissed petitioner's application, finding that the recommendation that petitioner participate in SOCP was rational and, hence, the denial of the grievance was proper. This appeal by petitioner ensued.

We affirm. While petitioner was not convicted of a sex offense, the presentence investigation report contains information which suggests that petitioner attempted to engage in sexual conduct with his victim prior to her death, including forcibly kissing her, removing her clothing and tying her hands behind her back with her stockings. Under such circumstances, it was rational both for respondents to refer petitioner to SOCP and to deny his grievance in that regard (*see Matter of Matos v Goord*, 27 AD3d 940, 941 [2006]). Contrary to petitioner's contention, this referral does not operate as a "classification" for purposes of the Sex Offender Registration Act. Petitioner's remaining contentions, including his assertion that the presentence investigation report contained erroneous information, have been reviewed and are either not properly before us or lacking in merit.

Peters, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* This Court further noted in dicta that the referral to SOCP was rational (*Matter of Harris v Granger*, 30 AD3d at 841).