■ In the Matter of ALVIN FULTON JR., Appellant, v SERGEANT R. REYNOLDS, as Correction Officer, et al., Respondents. [920 NYS2d 740]—

Appeal from a judgment of the Supreme Court (McKeighan, J.), entered June 2, 2010 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

After petitioner, a prison inmate, was denied three cans of nuts and a package of cookies that were mailed to him, he sent a complaint to the Inspector General's office. Thereafter, petitioner filed a separate grievance with the Inmate Grievance Resolution Committee (hereinafter IGRC), contending that he received a call out slip for the package room too late for him to receive his package that same day. The grievance was denied by both the IGRC and the facility Superintendent on appeal. However, petitioner did not appeal that denial to the Central Office Review Committee. Thereafter, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, finding that petitioner failed to exhaust his administrative remedies. Petitioner now appeals and we affirm.

Inasmuch as the complaint was a proper subject for the inmate grievance procedure, petitioner accordingly failed to exhaust his administrative remedies by not filing a grievance with the clerk of the IGRC (*see* 7 NYCRR 701.5 [a] [1]; *Matter of Torres v Fischer*, 73 AD3d 1355, 1356 [2010]). Similarly, with regard to the grievance, petitioner did not appeal the Superin-

tendent's denial to the Central Office Review Committee as required (*see* 7 NYCRR 701.5 [d]; *Matter of Fernandez v Goord*, 53 AD3d 961, 961-962 [2008]). As such, we find that Supreme Court properly dismissed the petition due to petitioner's failure to exhaust his administrative remedies.

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.