■ In the Matter of WILLIAM McKETHAN, Appellant, v DAVID STALLONE, Superintendent, Cayuga Correctional Facility, Respondent. [21 NYS3d 914]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered August 29, 2014 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing that the petition is dismissed without prejudice and as modified the judgment is affirmed without costs.

Memorandum: Petitioner, an inmate, commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination to withhold three pieces of mail that had been sent to him. Supreme Court properly dismissed the petition on the ground that petitioner failed to exhaust his administrative remedies. Contrary to petitioner's contention, exhaustion of administrative remedies is required where, as here, he alleges that the withholding of his mail violated his constitutional rights inasmuch as " 'the alleged constitutional error could have been remedied in the administrative appeal process' " (*People ex rel. Bratton v Mellas*, 28 AD3d 1207, 1208 [2006], *lv denied* 7 NY3d 705 [2006]; *see Town of Oyster Bay v Kirkland*, 19 NY3d 1035, 1038-1039 [2012], *cert denied* 568 US —, 133 S Ct 1502 [2013]; *Matter of Roberts v Coughlin*, 165 AD2d 964, 965-966 [1990]).

We likewise reject petitioner's alternative contention that he exhausted his administrative remedies and properly filed an administrative appeal by "writing [to] the superintendent" (7 NYCRR 720.4 [g] [2]). Even assuming, arguendo, that the superintendent's failure to respond in a timely manner to petitioner's appeal constituted a denial of the appeal, we conclude that petitioner failed to exhaust his administrative remedies inasmuch as "petitioner did not appeal the [s]uperintendent's denial to the Central Office Review Committee as required" by 7 NYCRR 701.5 (d) (*Matter of Fulton v Reynolds*, 83 AD3d 1308, 1308-1309 [2011]; *see generally Matter of Francis v Hollins*, 255 AD2d 1008, 1008 [1998], *lv denied* 93 NY2d 801 [1999]).

Finally, as respondent correctly concedes, the petition should have been dismissed without prejudice based on the failure to exhaust administrative remedies, inasmuch as judicial review of a final determination rendered after the completion of the appropriate grievance procedure is not foreclosed (*see generally Matter of Patterson v Smith*, 53 NY2d 98, 100-101 [1981]; *Roberts*, 165 AD2d at 966). We therefore modify the judgment accordingly. Present—Scudder, P.J., Centra, Carni, Valentino and DeJoseph, JJ.