# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1382**
**CA 14-01806**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF WILLIAM MCKETHAN,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

DAVID STALLONE, SUPERINTENDENT, CAYUGA
CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT.

---

WILLIAM MCKETHAN, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Cayuga County (Mark H. Fandrich, A.J.), entered August 29, 2014 in a
proceeding pursuant to CPLR article 78. The judgment, among other
things, dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by providing that the petition is
dismissed without prejudice and as modified the judgment is affirmed
without costs.

Memorandum: Petitioner, an inmate, commenced this CPLR article
78 proceeding seeking, inter alia, to annul the determination to
withhold three pieces of mail that had been sent to him. Supreme
Court properly dismissed the petition on the ground that petitioner
failed to exhaust his administrative remedies. Contrary to
petitioner's contention, exhaustion of administrative remedies is
required where, as here, he alleges that the withholding of his mail
violated his constitutional rights inasmuch as " 'the alleged
constitutional error could have been remedied in the administrative
appeal process' " (*People ex rel. Bratton v Mellas*, 28 AD3d 1207,
1208, *lv denied* 7 NY3d 705; *see Town of Oyster Bay v Kirkland*, 19 NY3d
1035, 1038-1039, *cert denied* ___ US ___, 133 S Ct 1502; *Matter of
Roberts v Coughlin*, 165 AD2d 964, 965-966).

We likewise reject petitioner's alternative contention that he
exhausted his administrative remedies and properly filed an
administrative appeal by "writing [to] the superintendent" (7 NYCRR
720.4 [g] [2]). Even assuming, arguendo, that the superintendent's
failure to respond in a timely manner to petitioner's appeal
constituted a denial of the appeal, we conclude that petitioner failed
to exhaust his administrative remedies inasmuch as "petitioner did not

appeal the [s]uperintendent's denial to the Central Office Review
Committee as required" by 7 NYCRR 701.5 (d) (*Matter of Fulton v
Reynolds*, 83 AD3d 1308, 1308-1309; *see generally Matter of Francis v
Hollins*, 255 AD2d 1008, 1008, *lv denied* 93 NY2d 801).

Finally, as respondent correctly concedes, the petition should
have been dismissed without prejudice based on the failure to exhaust
administrative remedies, inasmuch as judicial review of a final
determination rendered after the completion of the appropriate
grievance procedure is not foreclosed (*see generally Matter of
Patterson v Smith*, 53 NY2d 98, 100-101; *Roberts*, 165 AD2d at 966).  We
therefore modify the judgment accordingly.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court