Matter of McKethan v Stallone (2018 NY Slip Op 03007)





Matter of McKethan v Stallone


2018 NY Slip Op 03007


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


496 CA 17-00595

[*1]IN THE MATTER OF WILLIAM MCKETHAN, PETITIONER-APPELLANT,
v
DAVID STALLONE, SUPERINTENDENT, CAYUGA CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT. 






WILLIAM MCKETHAN, PETITIONER-APPELLANT PRO SE. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered January 31, 2017 in a CPLR article 78 proceeding. The judgment granted the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In 2013, respondent withheld three pieces of mail sent to petitioner, an inmate at respondent's correctional facility. Petitioner previously commenced a CPLR article 78 proceeding challenging respondent's determination to withhold that mail, and we determined that Supreme Court (Fandrich, A.J.) properly dismissed the petition based on petitioner's failure to exhaust his administrative remedies but that the dismissal should have been without prejudice (Matter of McKethan v Stallone, 134 AD3d 1561, 1562 [4th Dept 2015]). One week after this Court's decision, in January 2016, petitioner filed a grievance with the Inmate Grievance Resolution Committee raising the same issues associated with the 2013 mail withholding, which was denied as untimely. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court (Leone, A.J.) properly granted respondent's motion to dismiss the petition on the ground that the grievance was time-barred.
Contrary to petitioner's contention, this Court's prior decision did not "implicitly authorize[]" him to file a "later grievance for the purposes of exhausting his administrative remedies, so he could bring a new CPLR article 78 proceeding at the conclusion of the grievance procedure." A petition dismissed for failure to exhaust administrative remedies is appropriately dismissed without prejudice to permit the petitioner to exhaust those remedies if they are not time-barred, to permit judicial review of an adverse determination if the administrative remedies are still available and are pursued (see generally McKethan, 134 AD3d at 1562). Here, there is no dispute that petitioner's 2016 grievance concerning the 2013 incident was filed well beyond the 21-day time limitation set forth in 7 NYCRR 701.5 (a) (1).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court