Matter of Perez v Annucci (2020 NY Slip Op 05634)





Matter of Perez v Annucci


2020 NY Slip Op 05634


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


550 CA 19-01190

[*1]IN THE MATTER OF LAWRENCE PEREZ, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered May 24, 2019 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that denied his inmate grievance, in which he challenged respondent's determination that he must participate in a sex offender counseling and treatment program (SOCTP). Petitioner appeals from a judgment that dismissed the petition. We affirm.
During the proceedings in Supreme Court, petitioner did not challenge the inclusion of his presentence report (PSR) in the record submitted to the court, and thus he failed to preserve for our review his contention that the court erred in receiving and reviewing the PSR in making its determination (see generally Matter of Arrazola v State Dept. of Motor Vehs., Appeals Bd., 129 AD3d 1444, 1445 [4th Dept 2015]; Matter of Brown v Feehan, 125 AD3d 1499, 1502 [4th Dept 2015]; Matter of Adams v Superintendent Bollinier, 118 AD3d 1351, 1351 [4th Dept 2014]). Petitioner's contention that he was unaware that the PSR had been submitted is belied by the answer, in which respondent stated that his determination should be affirmed based on, among other things, "a review of the petitioner's [PSR], which is a confidential report and submitted to the Court for in camera review." In any event, inasmuch as respondent was required to submit to the court the entire administrative record upon which he made the determination at issue (see Matter of Collins v Behan, 285 NY 187, 188 [1941]; Matter of Tolliver v Fischer, 125 AD3d 1023, 1023-1024 [3d Dept 2015], lv denied 25 NY3d 908 [2015]; Matter of Gilbert v Endres, 13 AD3d 1104, 1104 [4th Dept 2004]), respondent was required to provide the court with the PSR and any other evidence upon which the determination was based, regardless of its confidential nature (see e.g. Matter of Watson v Annucci, 173 AD3d 1606, 1606-1607 [4th Dept 2019]; Matter of Cordova v Annucci, 162 AD3d 1573, 1574 [4th Dept 2018]).
Petitioner further contends that the court erred in dismissing the petition because petitioner was acquitted of the murder in the first degree count in the indictment that charged him with committing the specific acts upon which respondent relied in determining that he must participate in SOCTP, and therefore respondent must conclude that petitioner did not commit those acts. We disagree. "It is hornbook law that an acquittal in a criminal proceeding is not binding on an administrative agency because of the differences in the burden of proof and rules of evidence" (Matter of Webster v Van Lindt, 117 AD2d 555, 558 [1st Dept 1986]; see People ex [*2]rel. Dowdy v Smith, 48 NY2d 477, 484 [1979]). Contrary to petitioner's further contention that respondent acted irrationally in imposing the SOCTP requirement, we conclude that, under the circumstances presented here, "it was rational both for respondent[] to refer petitioner to [SOCTP] and to deny his grievance in that regard" (Matter of Harris v Granger, 64 AD3d 837, 838 [3d Dept 2009], lv denied 13 NY3d 710 [2009]; see Matter of Matos v Goord, 27 AD3d 940, 941 [3d Dept 2006]).
Petitioner further contends that respondent originally concluded that he did not require SOCTP, and therefore the subsequent imposition of that requirement under the same circumstances is arbitrary and capricious. We conclude that, because "petitioner did not properly raise this issue in his grievance and . . . it was not administratively addressed, his failure to exhaust administrative remedies regarding this issue mandated dismissal of that portion of his petition" (Matter of Clarke v Senkowski, 255 AD2d 848, 849 [3d Dept 1998]; see Matter of Henderson v Annucci, 175 AD3d 976, 977 [4th Dept 2019]). Furthermore, petitioner failed to preserve that contention for our review because he failed to raise it in the petition (see Matter of Rodriguez v Fischer, 96 AD3d 1374, 1375 [4th Dept 2012]; see generally Matter of Blue Lawn v County of Westchester, 293 AD2d 532, 534 [2d Dept 2002], lv denied 98 NY2d 607 [2002]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court